UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**WILLIAM BRAY** and **JOHN LANDOR,**
in their individual capacities
and on behalf of others similarly situated,

          Plaintiffs,

v.

**NEW YORK GYPSUM FLOORS INC.** and
**STEPHEN P. PHILLIPS,** an individual,

          Defendants.

**COMPLAINT FOR DAMAGES**

Case No. 7:21-cv-21-2340

<u>**JURY TRIAL REQUESTED**</u>

## INTRODUCTION

1. Plaintiffs William Bray and John Landor worked for Defendants' flooring company for more than a year each. During that time, Defendants underpaid them (and others similarly situated) in several ways. First, their recorded hours were "shaved," or undercounted relative to the number of hours for which they were paid, particularly during workweeks in which overtime pay would have been implicated. Second, they were unpaid for substantial amounts of compensable drive time. Third, when they worked on public works contracts, they were not paid at the appropriate "prevailing wage" rates. Fourth, Defendants did not pay the Plaintiffs and others similarly situated "spread of hours" pay when they worked a workday spanning 10 or more hours. Fifth, Defendants paid Plaintiffs and others similarly situated some of their wages "on the books" and some "off the books," which resulted in part of their wages not being included in their W2 forms, which constitutes the employer's fraudulent reporting of an information return. Sixth, Defendants did not provide Plaintiffs and others similarly situated with NYLL required "wage notices," or paystubs.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Seventh, Plaintiff Bray was not reimbursed for certain business expenses, amounting to an unlawful deduction from wages. Finally, when Plaintiff Bray complained about some of these wrongful payment practices, Defendant Phillips fired him.

2. To challenge these and other wage violations, Plaintiffs bring this action, on behalf of themselves others similarly situated, by and through their attorneys, against Defendants New York Gypsum Floors Inc., and its principal, Stephen P. Phillips, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL").  In addition, they bring a claim for in fraudulent reporting activities on their tax forms, in violation of 26 U.S.C. § 7434. Plaintiff William Bray further alleges that Defendant violated the anti-retaliation provisions of the FLSA and NYLL by terminating him in response to his complaints regarding his employer's wage and hour violations.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* Defendant's company is based at 438 5th Ave., Ste. 201, Pelham, New York 10803, and both Defendants reside in Westchester County, New York.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 2

## PARTIES

**Defendant New York Gypsum Floors Inc.**

6. Defendant **New York Gypsum Floors Inc.** (hereinafter "Company") is a New York corporation doing business within Westchester County, and whose principal place of business is located at 438 5th Ave., Ste. 201, Pelham NY 10803. Its DOS Process agent is listed with the NYS Department of State as New York Gypsum Floors, Inc. with an address of 705 South Fulton Avenue, Mt. Vernon, New York 10550.

7. At all relevant times, Defendant New York Gypsum Flooring Inc. had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant New York Gypsum Flooring Inc. was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times material to this action, Defendant New York Gypsum Flooring Inc. was subject to the FLSA.

10. At all times material to this action, Defendant New York Gypsum Flooring Inc. was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA and the NYLL.

**Defendant Stephen P. Phillips**

11. Defendant Stephen P. Phillips, an individual, resides at 705 South Fulton Avenue, Mt. Vernon, New York 10550, Westchester County, upon information and belief.

12. Defendant Phillips has an ownership interest in and/or is a shareholder of New York Gypsum Flooring Inc.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 3

13. Defendant Phillips is one of the ten largest shareholders of New York Gypsum Flooring Inc.

14. Defendant Phillips is listed with the New York Secretary of State as the Company's Chief Executive Officer.

15. At all times material to this action, Defendant Phillips actively participated in the business of the Company.

16. At all times material to this action, Defendant Phillips exercised substantial control over the functions of the Company's employees including Plaintiffs. For example, he set their rates of pay, hired and fired employees, and directed the employees' day-to-day activities.

17. At all times material to this action, Defendant Phillips was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA and NYLL.

**Plaintiffs William Bray and John Landor**

18. Plaintiff William Bray is a resident of Vernon, Connecticut.

19. Plaintiff Bray worked for New York Gypsum Floors Inc. from August 15, 2019 to October 12, 2020.

20. Plaintiff Bray's regular rate of pay was $27 per hour.

21. Plaintiff Bray's title was Pump Operator.

22. Plaintiff John Landor is a resident of Watervliet, New York.

23. Plaintiff Landor worked for New York Gypsum Floors Inc. from October 2, 2018 to July 10, 2020.

24. Plaintiff Landor's regular rate of pay was $20 per hour until January 2020, when it increased to $22 per hour.

25. Plaintiff Landor had the position of laborer.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 4

26. Defendant Phillips was Plaintiff Bray's and Plaintiff Landor's boss.

27. At all times material to this action, Plaintiffs (and other similarly situated) were "employees" within the meaning of 29 U.S.C. § 203(e).

28. Like Mr. Bray, Mr. Landor estimates that on average he worked about 45 hour per week, <u>not</u> including drive time.

29. While the length of their workday varied, Plaintiffs and other similarly situated typically started work at 7:00 AM and stopped work at 9:00 PM, usually five days a week.

30. Plaintiffs and other similarly situated worked "off the clock" insofar as Defendants required him to perform work before and after the times logged on his time records. Specifically, he was not paid for substantial amounts of compensable drive time, usually at least 2-3 hours each day, as the work sites were all over the state, ranging from the Albany area to Long Island.

31. In addition, their recorded hours were "shaved." This was especially true in weeks in which they were working 40 or more hours in the week.

32. In addition, on a number of occasions, the Plaintiffs and others similarly situated performed work on public works contracts for which they should have been paid at the prevailing wage rate for the job they were performing. Sometimes they were only paid their normal wage rates for these public works jobs, and sometimes they were paid at a lesser job's rate rather than the one they were working. The rate was different depending on which city they were in. Jobs in Albany were likely a bit less than jobs in New York City. However, their rates they actually received in pay were always less than what they should have been. As an example, one time Mr. Bray was not paid the correct rate for a Pump Operator for the 2 weeks he worked a certain job in Brooklyn. He was paid $67 per

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 5

hour instead of $92.50, meaning he is still entitled to $25.50 for every hour he worked on this project. Mr. Bray and Mr. Landor both recall doing other work on public works jobs for which they were only paid their normal hourly rates.

33. In addition, Defendants sometimes paid the Plaintiffs and others similarly situated part of their wages in cash or by a personal check. These amounts were not included in the amounts the company reported to the IRS on their W2 forms.

**FLSA Collective Plaintiffs**

34. Plaintiffs bring the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all non-management laborers employed by Defendants on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

35. Upon information and belief, all of the hourly workers were subject to subject to common or substantially similar policies and procedures resulting in, inter alia, an underpayment of overtime wages.

36. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties and have been subject to common pay practices and decisions on the part of the Defendants.  The FLSA claims of the Named Plaintiffs alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

37. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records.  Notice can be provided to the FLSA Collective Plaintiffs via appropriate methods approved by the Court.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 6

**Rule 23 Class**

38. The Named Plaintiffs bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all non-management laborers employed by Defendant on or after the date six years before the filing of the instant Complaint.

39. The number of, and identities of, the individuals comprising the Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

40. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than forty (40) individuals in the proposed Class. Plaintiffs estimate that at any given time approximately 25 people work for the company. Assuming Plaintiffs' tenure of employment of less than two years each to be representative, in the six-year statutory period there would conservatively be at least 75 employees at issue, and probably more than that.

41. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

42. The Named Plaintiffs' claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiffs is typical of the relief which could be sought by any member of the proposed Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendant as alleged herein. There was nothing special about the Named Plaintiffs that caused them to be treated differently than other Class members in regard to the pay methods to which they were subjected. Defendant benefitted from the unlawful withholding of wages due to

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

members of the proposed Class and the Named Plaintiffs in the same way. Though the exact amounts may differ, Plaintiffs and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

43. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Further, Plaintiffs are represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

45. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

46. Further, especially given the current state of economic uncertainty for many, many current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 8

preferable to having no job at all when in fact the law requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

47. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

   a. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   b. Whether Defendants improperly altered workers' time records;

   c. Whether Defendants improperly failed to pay for all of the compensable time it should have, including but not necessarily limited to, drive time;

   d. Whether Defendants improperly failed to pay "spread of hours" time to workers whose workdays spanned more than 10 hours;

   e. Whether Defendants failed to provide workers with NYLL required "wage notices";

   f. Whether Defendants maintained true and accurate payroll records; and

   g. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

48. Plaintiffs and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 9

*Failure to Pay Time Overtime Properly*

49. Defendants failed to compensate Plaintiffs and other similarly situated at a rate of one- and one-half times their normal hourly rate(s) for all compensable hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

50. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs and other similarly situated, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based on Good Faith & Entitlement to Damages*

51. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

52. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

53. As a result of the violations by Defendant of the FLSA, the Plaintiffs and other similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

54. Plaintiffs and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

55. At all relevant times, Plaintiffs and other similarly situated were employed by Defendants

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 10

within the meaning of the New York Labor Law.

### *Failure to Pay Wages*

56. Defendants failed to pay Plaintiffs and other similarly situated their wage for all hours worked, in violation of NYLL §§ 193, 198, 652, and 663.

### *Failure to Pay Overtime*

57. Defendants failed to compensate Plaintiffs and other similarly situated at a rate of one- and one-half times their normal hourly rates for all compensable hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

58. Plaintiffs and other similarly situated worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### *Improper Deductions*

59. The Defendant made deductions from the wages of Plaintiffs and others similarly situated other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

60. For example, Defendants failed to reimburse Plaintiff Bray for business expenses, including but not necessarily limited to mileage reimbursements for use of his personal vehicle to transport coworkers to and from job sites.

### *Failure to Provide Pay Stubs and Wage Notices*

61. Defendant failed to furnish Plaintiffs and other similarly situated with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 11

minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

62. Defendant failed to furnish Plaintiffs and other similarly situated with "pay stubs," or a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of NYLL §195(3), §198(1)(d); 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

*Record-Keeping Failures*

63. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

64. At all relevant times, Defendants failed to establish, maintain, and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

65. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

66. Due to Defendant's New York Labor Code violations, Plaintiffs and other similarly situated are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code §§ 198, 663(1).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 12

### As And For A Third Cause of Action:
### PREVAILING WAGE (THIRD PARTY BENEFICIARY) CLAIMS

67. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

68. Defendants have entered into various contracts agreeing to serve as contractors or subcontractors for contractors having public works contracts public entities.

69. State and/or city funds pay for these public works contracts.

70. Plaintiffs and other similarly situated workers performed the work on behalf of Defendants.

71. Without the labors of Plaintiffs and other similarly situated construction workers, Defendants would not have been able to fulfill their contractual obligations.

72. Plaintiff and others similarly situated were third party beneficiaries of the contracts.

73. Plaintiff and other similarity situated construction workers were entitled to receive prevailing wages for their labors.

74. Defendants failed to pay Plaintiff and others similarly situated the proper prevailing wages for the work they performed under these contracts.

### As And For A Fourth Cause of Action:
### FLSA – RETALIATION
### (PLAINTIFF BRAY)

75. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

76. Plaintiff Bray inquired or complained about the propriety of the deductions being made to

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 13

his pay to his supervisor, Defendant Phillips.

77. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

78. Plaintiff's termination from employment was an adverse employment action.

79. Plaintiff's termination from employment was causally connected to his inquiries regarding the propriety of the deductions being made to his pay.

80. Defendant violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

81. As a result of these violations by Defendant of the FLSA, the Plaintiff Bray is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

### As And For A Fifth Cause of Action:
### NYLL – RETALIATION
### (PLAINTIFF BRAY)

82. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

83. Plaintiff Bray inquired or complained about not receiving overtime pay and not being paid for all hours worked to his supervisor, Defendant Phillips.

84. By complaining about the propriety of these pay practices to Defendant, Plaintiff Bray engaged in an activity protected under NYLL § 215(2).

85. Plaintiff Bray's termination from employment was an adverse employment action.

86. Plaintiff Bray's termination from employment was causally connected to his inquiries regarding the propriety of Defendants' pay practices.

87. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 14

exercising protected rights.

88. As a result of these violations by Defendants of the FLSA, the Plaintiff Bray is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

### As And For A Sixth Cause of Action:
### FRAUDULENT REPORTING

89. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

90. Defendant willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiffs and other similarly situated. 26 U.S.C. § 7434(a)

91. Therefore, Defendant is liable to each of the Plaintiffs and other similarly situated in an amount equal to the greater of $5,000 or the sum of" actual damages, costs, and attorney's fees. 26 U.S.C. § 7434(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Certify Count I as a Collective Action pursuant to 29 U.S.C. §216(b); and

(B)   Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

(C)   Certify Count V as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

(D)   Award Plaintiffs and others similarly situated unpaid and underpaid wages due under the FLSA and the NYLL; and

(E)   Award Plaintiff and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(F)   Award Plaintiffs and others similarly situated liquidated damages pursuant to

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 15

NYLL §§ 198, 663;

(G) Award Plaintiffs and others similarly situated "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

(H) Award each of the Plaintiffs and others similarly situated an amount equal to the greater of $5,000 or the sum of actual damages, costs, and attorney's fees caused by Defendants' fraudulent reporting activities; and

(I) Award Plaintiffs Bray and Landor service awards for their role as "Named Plaintiffs"; and

(J) Award Plaintiff Bray appropriate damages for the retaliatory acts taken against through him, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(K) Award Plaintiffs and others similarly situated interest; and

(L) Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(M) Award such other and further relief as this Court deems necessary and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **17th** day of **March, 2021.**

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Bray v. New York Gypsum Flooring Inc.*
USDC, Southern District of New York

Complaint
Page 16

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

ANDERSONDODSON, P.C.

*[signature]*

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax