## SHEATS & BAILEY, PLLC

*Serving the Construction Industry*

Edward J. Sheats
Jason B. Bailey
Diana I. Plue*
Anthony C. Galli
*also admitted in MA

Of Counsel
Alan Kraut (NYC)
Patience E. Schermer
Kevin P. Ryan
Richard D. Boyle

P.O. Box 586
Liverpool, NY 13088

Phone 315.676.7314
Fax 315.676.7189*
*fax not for service of papers

theconstructionlaw.com
theconstructionlaw.nyc

June 14, 2021

**Via ECF and Courtesy Copy via e-mail**

The Hon. Cathy Seibel
U. S. District Court, Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and
United States Courthouse
300 Quarropas St.
White Plains, New York  10601-4150

> Re:  <u>William Bray and John Landor, in their individual capacities and on behalf of others similarly situated v. New York Gypsum Floors Inc., and Stephen P. Phillips</u>, Case No. 7:21-cv-2340-CS (Fair Labor Standards Act action) Response to Plaintiff's 5/21/21 Letter Motion for Pre-Motion Conference Scheduled for 12:00 Noon on 6/22/21 (per Court Text Order, Doc. No. 16)

Dear Judge Seibel:

I represent the Defendants in the above reference action.  Plaintiffs brought this action under the Fair Labor Standards Act ("FLSA") and under other associated laws.

This letter is in response to Plaintiffs' May 21, 2021 letter motion requesting a pre-motion conference to discuss Plaintiffs' anticipated motion for conditional certification of this action as a collective action under the FLSA (29 U.S.C. § 216(b)).

Plaintiffs correctly assert Defendants declined to stipulate to conditional certification of this action as a collective action under the FLSA.  On May 17, 2021 we notified opposing counsel via e-mail that we would "not stipulate to certification of the collective action at this time."

Defendants filed answers to this action on May 21, 2021.  Immediately after filing answers, Defendants e-filed a letter to the Court.  **See, Exhibit 1** attached hereto and made a part hereof.  The letter requests an immediate order directing this matter to mediation pursuant to the Court's standing policy.  Defendants requested this be done prior to consideration of any motion for condition certification by Plaintiffs.

Defendants requested this because we believe there is a good chance mediation with the two Plaintiffs will succeed.  Should this matter be conditionally certified as a collective action, the

number of plaintiffs may grow. This would lessen the chances of success at mediation for the current Plaintiffs. Mediation could become unwieldly and unrealistic. In addition, conditional certification would necessarily delay mediation because Plaintiffs would need time to notify potential plaintiffs and await their opt-in responses. Limited pre-mediation disclosures would subsequently be delayed as well.

This action is also suited for immediate referral to mediation because individual claims are included in addition to the wage and hour claims. Plaintiffs Bray and Landor are both former employees of Defendant New York Gypsum Floors, Inc. Plaintiffs' Fourth Cause of Action alleges Plaintiff Bray was retaliated against by Defendants in violation of the FLSA because he was terminated after inquiring about deductions from his pay. Plaintiffs' Fifth Cause of Action alleges Plaintiff Bray was retaliated against by Defendants in violation of the New York Labor Law because he was terminated after inquiring about deductions from his pay. Defendants deny these claims, however these individual claims may be addressed at mediation.

The reasons stated above are the reasons Defendants declined to stipulate to conditional certification of this action as a collective action. This action is well suited for mediation with Plaintiffs Bray and Landor.

Plaintiffs have taken no position with regard to mediation in their May 21, 2021 letter. They merely request permission to file a motion for conditional certification of this action as a collective action.

Defendants respectfully renew their request for an immediate order directing this matter to mediation with limited pre-mediation disclosures.

Very truly yours,

/s/ *Edward J. Sheats*

Edward J. Sheats, Esq.
Sheats & Bailey, P.L.L.C.
*Attorneys for Defendants*

cc:   Penn A. Dodson, Esq.
      AndersonDodson, P.C.
      *Attorneys for Plaintiffs*
      (Via ECF only)

# EXHIBIT 1

## SHEATS & BAILEY, PLLC

*Serving the Construction Industry*

Edward J. Sheats
Jason B. Bailey
Diana I. Plue*
Anthony C. Galli
*also admitted in MA

Of Counsel
Alan Kraut (NYC)
Patience E. Schermer
Kevin P. Ryan
Richard D. Boyle

P.O. Box 586
Liverpool, NY 13088

Phone 315.676.7314
Fax 315.676.7189*
*fax not for service of papers

theconstructionlaw.com
theconstructionlaw.nyc

May 21, 2021

**Via ECF and Courtesy Copy via e-mail**

The Hon. Cathy Seibel
U. S. District Court, Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and
United States Courthouse
300 Quarropas St.
White Plains, New York  10601-4150

Re:  William Bray and John Landor, in their individual capacities and on behalf of others similarly situated v. New York Gypsum Floors Inc., and Stephen P. Phillips, Case No. 7:21-cv-2340-CS (Fair Labor Standards Act action) Request for Immediate Mediation Order

Dear Judge Seibel:

I represent the Defendants in the above reference action. Plaintiffs brought this action under the Fair Labor Standards Act and under other associated laws.

Pursuant to this Court's policy as set forth in the September 28, 2016 announcement on the ADR Pilot Program, Defendants request an immediate order directing this matter to mediation with limited pre-mediation disclosures.

Defendants request the Court consider no motion for conditional certification of a collective action pursuant to FLSA § 216(b) filed by Plaintiffs, or any other motion which may be filed by Plaintiffs, prior to the conclusion of mediation. Thank you.

Very truly yours,

/s/ *Edward J. Sheats*

Edward J. Sheats, Esq.
Sheats & Bailey, P.L.L.C.
*Attorneys for Defendants*

cc:  Penn A. Dodson, Esq.
AndersonDodson, P.C.
*Attorneys for Plaintiffs*
(Via ECF only)